IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:11cr337 |
| | : | No. 3:14cv1747 |
| **v.** | : | |
| | : | (Judge Munley) |
| **RICHARD CLAUDIO,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Defendant Richard Claudio's (hereinafter "Claudio") motion under 28 U.S.C. § 2255 (hereinafter "section 2255") to vacate, set aside, or correct sentence.[1] (Doc. 30). The matter has been fully briefed and is ripe for disposition. After careful consideration, the court will deny Claudio's motion.

**Background**

A federal grand jury indicted Claudio on November 22, 2011, charging that on or about April 25, 2011, Claudio did knowingly and intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with a federal law enforcement official, a unit manager employed by the United States

---

[1] Claudio filed the instant motion on his own behalf, *pro se*. A prisoner's *pro se* pleading is construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011). We have kept this precept in mind as we have reviewed Claudio's motion and brief.

Bureau of Prisons, causing bodily injury. (Doc. 1). On July 2, 2012, Claudio pled guilty to the lesser included offense of assaulting, resisting, opposing and impeding a federal law enforcement official. (Doc. 27). On that same day and in accordance with the plea agreement, the court sentenced Claudio to one-year and one day. (Id.) The judgment of conviction indicated that Claudio had fourteen (14) days to file a notice of appeal, however, no notice of appeal was filed. (Id.)

Claudio filed the current motion on September 8, 2014. (Doc. 30). The parties then briefed the issues, bringing the case to its current procedural posture.

**Jurisdiction**

As defendant brings his motion under section 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We also have jurisdiction under 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

**Standard of Review**

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the

sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A section 2255 motion may attack a federal prisoner's sentence on any of the following grounds: "[1] that the judgment was rendered without jurisdiction, or [2] that the sentence imposed was not authorized by law or otherwise open to collateral attack, or [3] that there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . . " 28 U.S.C. § 2255(b).

Section 2255, however, does not afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, section 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). If the court determines that the sentence was not authorized by law, was unconstitutional, or otherwise open to collateral attack, the court must either vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. See 28 U.S.C. § 2255(b).

Conversely, a court may dismiss a section 2255 motion where the record shows conclusively that the movant is not entitled to relief. United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

**Discussion**

In his section 2255 motion, Claudio argues that his conviction should be vacated due to double jeopardy concerns and ineffective assistance of counsel. Recognizing that section 2255's one-year statute of limitations precludes his claims, Claudio seeks to equitably toll, or extend, the limitations period. The government contends that Claudio's section 2255 motion is untimely and must be denied. Alternatively, the government asserts that Claudio's substantive claims fail on the merits. The court will first address the issue of timeliness.

**A. Timeliness under section 2255**

Section 2255 has a one-year statute of limitations. Specifically, federal law provides: "A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1). Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, a defendant's notice of appeal must be filed in the district court within fourteen (14) days after the

entry of the judgment.

In the instant matter, Claudio's judgment was entered on July 2, 2012. Claudio neither filed a direct appeal nor requested an extension of time to file an appeal within the fourteen (14) day period. Accordingly, Claudio's conviction became final on July 17, 2012, fourteen (14) days after the entry of judgment on his guilty plea, and he had until July 17, 2013 to file a timely section 2255 motion. Claudio, however, filed his section 2255 motion on September 2, 2014–412 days **after** the section 2255's statute of limitations expired. Thus, Claudio's motion is untimely.

## B.  Equitable tolling

Claudio agrees that his motion is untimely but maintains equitable tolling rescues his motion from the statute of limitations because he "informed his counsel to file a notice of appeal and pursue his appeal" regarding his July 2, 2012 judgment of conviction. (Doc. 30-1, Br. in Supp. at 11). Claudio further asserts that "he was under the understanding that an appeal had been filed [and] when he discovered no appeal had been filed [412 days later,] he immediately filed the instant [motion] to pursue his rights." (Id. at 11-12).

The Third Circuit Court of Appeals has held that the doctrine of equitable tolling "is appropriate when 'principles of equity would make the rigid

application of a limitation period unfair.'" Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011) (quoting Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)).  "There are no bright lines in determining whether equitable tolling is warranted in a given case." Id. at 399.  Nevertheless, the Third Circuit has cautioned that "'courts must be sparing in their use of equitable tolling.'" Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)).

The United States Supreme Court held that a movant is entitled to equitable tolling of section 2255's statute of limitations only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, (2005)).  The Supreme Court's conjunctive standard in Holland requires that the movant demonstrate both elements before the court can permit equitable tolling of the one-year limitations period. Sistrunk, 674 F.3d at 190 (citing Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir. 2004)).  The court addresses each element *in seriatim*.

6

**1. Diligent pursuit of rights**

Claudio must first demonstrate that he diligently pursued his rights. Due diligence does not require "the maximum feasible diligence;" it requires "reasonable diligence." Schlueter, 384 F.3d at 74 (citation omitted). The court's "[d]etermination of whether a [movant] has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013). Even a petitioner proceeding *pro se* must meet the "reasonable diligence" inquiry despite his lack of legal knowledge or training. Id. at 799-800.

In the instant matter, Claudio failed to diligently pursue his appeal rights. Claudio did not file an appeal before his judgment became final on July 17, 2012.[2] Claudio did not write his attorney any letters confirming an appeal had been filed. Claudio failed to write the Third Circuit Court of Appeals to verify the status of his appeal. Claudio never contacted the district court to request copies of his docket sheets, which would have confirmed no appeal was filed.

---

[2] In a letter dated August 19, 2014, Claudio asserts that he previously directed his attorney to file an appeal. (Doc. 30-3, letter dated Aug. 19, 2014 at 1). Claudio's attorney responds that Claudio never informed him to file a notice of appeal. (Doc. 39, Decl. of Att'y Poveromo ¶¶ 3-5). Regardless, Claudio's inaction for over two years demonstrates his failure to diligently pursue his rights.

7

Rather, the record establishes that Claudio only wrote his attorney one letter on August 19, 2014–more than two years **after** his judgment of conviction became final.  While Claudio's August 14, 2014 letter requests the status of his appeal, this letter fails to demonstrate reasonable diligence because it was written and mailed 768 days **after** Claudio's judgment of conviction became final.

In short, Claudio's inaction for a period of more than two years after his judgment of conviction became final establishes that he failed to diligently pursue his rights.  See Neder v. U.S., 527 U.S. 1, 35 n.1 (1999) (stating that "[i]t is a universally acknowledged principle of law that one who sleeps on his rights–even fundamental rights–may lose them); Schlueter, 384 F.3d at 76-78 (noting that the movant's failure to learn, as he did later, that an appeal was not filed prior to the expiration of section 2255's statute of limitations established that the movant failed to diligently pursue his rights); LaCava v. Kyler, 398 F.3d 271, 278 (3d Cir. 2005) (stating that a movant's failure to attempt to ascertain from his attorney the status of his appeal prior to the expiration of section 2255's statute of limitations demonstrates that the movant did not diligently pursue his rights).

**2. Extraordinary circumstance**

Claudio has likewise failed to demonstrate an extraordinary circumstance justifying equitable tolling. The United States Supreme Court has held that a movant's attorney's abandonment amounted to extraordinary circumstances necessitating equitable tolling because the attorney "failed to communicate with his client over a period of years, despite various pleas from [his client] that [the attorney] respond to his letters." Holland v. Florida, 560 U.S. 631, 651-52 (2010). In reaching this decision, the Supreme Court differentiated between attorney abandonment, stating that clear abandonment presents extraordinary circumstances warranting equitable tolling, and a "garden variety claim of excusable neglect," which "does not warrant equitable tolling." Id. Furthermore, attorney negligence, such as failing to file a timely appeal, is not an extraordinary circumstance. Lawrence v. Florida, 549 U.S. 327, 336 (2007). Additionally, the Third Circuit Court of Appeals has repeatedly held that "in a non-capital case . . . , attorney error is not a sufficient basis for equitable tolling of the section 2255's one-year period of limitation." See Schlueter, 384 F.3d at 76 (citing Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002)).

The Third Circuit Court of Appeals considered the "extraordinary

circumstance" requirement in two cases, Seitzinger v. Reading Hospital & Medical Center, 165 F.3d 236 (3d Cir. 1999) and Schlueter v. Varner, 384 F.3d 69 (3d Cir. 2004).  In Seitzinger, a plaintiff filed an untimely section 2255 petition after discovering his attorney **lied** about having filed the petition.  165 F.3d at 241.  The Third Circuit granted equitable tolling.  Id.  In Schlueter, a plaintiff filed an untimely section 2255 motion after his lawyer said he **would** file the motion but never followed through.  384 F.3d at 72.  The Third Circuit denied equitable tolling noting that "[Schlueter's] situation differs sharply from that of the Seitzinger plaintiff who was misled by what the attorney said he had done, not by what he said he would do."  Id.

In the instant matter, Claudio is similar to the plaintiff in Schlueter.  Even if Claudio's attorney stated he would file an appeal on Claudio's behalf, Claudio could have learned, well before August 19, 2014, that no appeal had been filed.  Claudio, however, did nothing for 768 days.  Furthermore, even if we assume Claudio asked his attorney to file an appeal, the failure to appeal would at most be a "garden variety claim of excusable neglect," which "does not warrant equitable tolling."  Holland, 560 U.S. at 651-52.

Finally, Claudio's judgment of conviction states that "with few exceptions, any notice of appeal must be filed within fourteen (14) days after

sentence is imposed on you. . . . If you so request, the Clerk of Court will prepare and file a notice of appeal on your behalf." (Doc. 27, J. dated July 2, 2012 at 2). Claudio could have taken his case in his own hands and written a letter to the Clerk of Court requesting the Clerk file a notice of appeal on his behalf. In short, Claudio has failed to establish an "extraordinary circumstance," which prevented him from filing a timely section 2255 motion. Therefore, equitable tolling is inapplicable and fails to rescue Claudio's section 2255 motion from the statute of limitations. Thus, Claudio's section 2255 motion will be denied as untimely.

Because Claudio's motion is untimely and will be denied, the court will not address the merits of Claudio's section 2255 motion.

## C. Evidentiary Hearing

The court will further deny Claudio's request for an evidentiary hearing. A movant under section 2255 is entitled to a hearing unless the record conclusively establishes that he is not entitled to relief. United States v. Nino, 878 F.2d 101, 103 (3d Cir. 1989). The decision as to whether a hearing is necessary is left to the sound discretion of the district court. United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). Based on the reasons set forth above, Claudio's section 2255 motion is untimely and equitable tolling does

not apply.  As such, Claudio's request for a hearing will be denied.

**D. Certificate of appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability (hereinafter "COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255.  A COA may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A [movant] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 123 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

**Conclusion**

For the reasons set forth above, the court will deny Claudio's section 2255 motion as untimely. Additionally, the record conclusively establishes that Claudio is not entitled to relief because his motion is untimely, and therefore, the court will not hold an evidentiary hearing. Finally, no COA will issue. An appropriate order follows.

**BY THE COURT:**

**DATE:  01/28/15**          **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**